64 F.3d 677
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles R. THOMAS, Petitioner,
v.
DEPARTMENT OF DEFENSE, Respondent.
 No. 95-3338.
 United States Court of Appeals, Federal Circuit.
 Aug. 16, 1995.
 
 Before MICHEL, PLAGER, and RADER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Charles R. Thomas appeals a final decision of the Merit Systems Protection Board (Board) that upheld the Department of Defense (Agency) in its decision to remove Thomas.[1] We find no reversible error and therefore affirm.
 
 DISCUSSION
 
 2
 Thomas was employed by the Agency as a materials handler at the Defense Depot in Memphis, Tennessee. On March 1, 1994, the Shelby County Sheriff's Office arrested Thomas for reasons immaterial to this appeal. During the arrest, the Depot security guards took Thomas's security badge, which allowed him entry into the Depot. The next day, Thomas called the Security Office to get his badge back. Thomas was asked if he had talked to his supervisor. Thomas said that he had not, and offensively refused to.
 
 
 3
 On March 3, 1994, Thomas went to the Depot without his badge; his supervisor told him to go to the Security Office to get his badge. Thomas yelled at his supervisor, security was called, and Thomas ended up getting arrested. The Agency proposed removal for contemptuous behavior, refusal to obey instructions, use of abusive language, use of insulting racial remarks, and attempted assault on a security officer.
 
 
 4
 Thomas appealed to the Board. The essence of Thomas's argument was that similarly situated employees had been merely suspended, not removed.[2] Thomas introduced materials regarding six instances of fighting which were penalized by, at most, ten day suspensions. Thomas made no effort to show how representative these cases were.
 
 
 5
 In an initial decision dated October 24, 1994, the Administrative Judge (AJ) found that Thomas successfully established that the Agency had a de facto policy that was quite lenient with regard to first offenses of fighting. In light of that policy, and applying the analysis set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280 (1981), the AJ found the penalty of removal to be unwarranted. The AJ therefore ordered the Agency to cancel its penalty of removal and substitute a 60 day suspension. The Agency appealed to the full Board.
 
 
 6
 The full Board found that six unrelated, and somewhat dissimilar, cases did not establish a de facto policy. Moreover, the Board disagreed with the AJ's assessment of the circumstances of the case, and the AJ's Douglas analysis. Finally, the full Board found that the penalty of removal was a reasonable response to Thomas's actions, and the Board would not set aside a reasonable penalty simply because other employees had received different penalties. For all these reasons, the full Board vacated the decision of the AJ, and reinstated the penalty, removal, imposed by the Agency.
 
 
 7
 Statute provides that this court will uphold decisions of the Board unless this court finds the decision to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988). In its final decision, the Board found that the Agency's decision to remove was within the bounds of reasonableness. The initial decision, which held otherwise, was erroneous, and the Board therefore reinstated the decision of the Agency. The principle that the Board should defer to the managerial discretion of the Agency, within the bounds of reasonableness, is not in dispute. Nor can it be seriously disputed that the Board's decision, that the penalty of removal is not unreasonable, is itself arbitrary. We thus find no reversible error in the decision on appeal, and affirm the Board.
 
 
 
 [1]
 Charles R. Thomas v. Department of Defense, Dkt. No. SL-0752-94-0393-I-1 (MSPB February 15, 1995)
 
 
 [2]
 Thomas also argued before the Board that he was a victim of racial discrimination; that argument is not before us